## Peter Gildea, Defendant in Error, v. Illinois Tunnel Company, Plaintiff in Error.

### Gen. No. 18,829. (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. WILLIAM H. McSURELY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed April 1, 1914. *Certiorari* denied by Supreme Court (making opinion final.)

### Statement of the Case.

Action by Peter Gildea against Illinois Tunnel Company to recover damages for personal injuries sustained by plaintiff alleged to have been caused by the negligence of the defendant in the maintenance and construction of an elevator for lowering and raising cars from an underground railroad to or above the surface of the ground. The plaintiff, an employe of defendant, was injured while attempting to uncouple a car which was switched on the elevator. It appeared that when the car was run on the elevator that the elevator sank about three inches below the level of the track and that plaintiff's foot was caught between the wheels of the car and the rail of the track. From a judgment in favor of plaintiff for three thousand dollars, defendant brings error.

JOHN A. BLOOMINGSTON, for plaintiff in error.

JAMES C. McSHANE, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 704*—*when recovery for personal injuries by underground railroad employe sustained by the evidence.* In an action against a company operating an underground railroad for personal injuries sustained by an employe while attempting

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

to uncouple a car switched from the track to an elevator, which sank about three inches when the car was moved on it, *held* that a recovery by plaintiff was sustained by the evidence, it appearing that defendant was negligent in failing to notify and warn plaintiff of the dangerous condition of the elevator, in failing to provide a recess or opening in the side of the pass to enable plaintiff to uncouple cars from the side, and in failing to maintain a sufficient light at the place.

2. LIMITATION OF ACTIONS, § 111*—*when plea of statute to a count alleging different causes of action demurrable.* Where an additional count was vulnerable to attack by special demurrer because it alleged three independent wrongful acts as ground for recovery, in the absence of such attack, if any one of such grounds for recovery or causes of action is not barred by the statute, a plea of the statute of limitations is subject to demurrer.

3. LIMITATION OF ACTIONS, § 58*—*when restatement does not constitute statement of new cause of action.* Where an original declaration merely stated a cause of action defectively, a restatement of the cause of action in apt form does not amount to a statement of a new or different cause of action.